1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                      FOR THE DISTRICT OF OREGON

9

10  DANNY ROMERO,                        )
                                         )
11          Plaintiff,                   )   Case No. CV07-6083-HU
                                         )
12      vs.                              )
                                         )   FINDINGS AND RECOMMENDATION
13  JOHN VARGO, D.O., STEVE SHELTON,     )
    M.D.; DAVID GRAF, R.N.; TED          )
14  RANDALL, R.N., JERRY BECKER, M.D.,   )
                                         )
15          Defendants.                  )
                                         )
16
    Danny Jay Romero
17  8690360
    Oregon State Penitentiary
18  2605 State Street
    Salem, Oregon 97310
19        Pro se

20  Hardy Myers
    Attorney General
21  Joseph G. Groshong
    Assistant Attorney General
22  Department of Justice
    1162 Court Street NE
23  Salem, Oregon 97301
          Attorneys for defendants

24

25  ///

26  ///

27

28  FINDINGS AND RECOMMENDATION Page 1

HUBEL, Magistrate Judge:

Plaintiff Danny Romero brings this *pro se* action asserting claims under 42 U.S.C. § 1983 that defendants violated his right of access to the courts, violated his procedural due process rights by bringing false disciplinary charges and thereby subjecting him to the risk of harm from other inmates, and violated his right to be free from cruel and unusual punishment by deliberate indifference to his serious medical needs, i.e., failing to provide him with orthopedic shoes containing metatarsal pads. Amended Complaint, Claim I, "Deliberate Indifference." Romero also asserts a claim for negligence. Amended Complaint, Claim II.

Both the § 1983 claims and the negligence claim are based primarily on allegations that defendants have failed to implement a doctor's order that Romero be provided shoes with metatarsal pads, but there is also an allegation as part of Claim I that "defendants repeatedly and systematically filed and approved false and unjustified disciplinary charges, which resulted in actual threats of [sic] his life from fellow inmates." Amended Complaint, p. 4.

Defendants moved to dismiss the complaint for failure to exhaust administrative remedies. See <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003). The court issued a *pro se* prisoner advice order informing Romero that failure to exhaust his administrative remedies could result in a dismissal of his case (doc. # 32).

Romero responded to the motion to dismiss with representations

FINDINGS AND RECOMMENDATION Page 2

1    that he had filed grievances with respect to defendants' alleged

2    failure to provide him the medically recommended shoes. Defendants

3    acknowledge that Romero filed a grievance against an entity called

4    the TLC Committee and defendant Vargo on October 28, 2006. Attached

5    to the Affidavit of Aaron Bales as Attachment 4 is a grievance form

6    submitted by Romero on October 28, 2006, addressed, "TLC/Dr.

7    Vargo." Romero has written on the grievance form that TLC and Dr.

8    Vargo have refused to follow an order from Dr. Becker for "rigid

9    sole shoes, metatarsal pad left forefoot, wide tennis shoes." Id.

10        On November 8, 2006, TLC committee member David Graf, R.N.,

11   responded to the grievance as follows:

12        As was explained to you ... the TLC committee recommends
          that you seek your footwear from clothing. Also, you can
13        purchase arch supports from the canteen. These items were
          not ordered as medically necessary, so it is up to you to
14        obtain them through the process described.

15   Bales Affidavit, Attachment 4. See also Bales Affidavit ¶¶ 6, 15,

16   16, 17. According to the Bales Affidavit, inmates must use a four

17   tier grievance procedure consisting of 1) a verbal or written

18   initial communication; 2) a written grievance form attaching copies

19   of  inmate written communications, demonstrating attempts to

20   resolve the conflict informally; 3) an appeal to a functional unit

21   manager; and 4) an appeal of the functional unit manager's

22   decision. Bales Affidavit, ¶¶ 9-14. After filing the initial

23   grievance, Romero did not appeal the November 8, 2006 decision that

24   the footwear and arch supports were not ordered as medically

25   necessary and could be obtained by Romero from clothing and the

26   canteen. Id. at ¶ 6. The record does not show any grievances filed

27

28   FINDINGS AND RECOMMENDATION Page 3

1  against defendants Shelton, Graf, Randall or Becker.  Id. at ¶ 5.

2      In a one-page reply memorandum, defendants assert that Romero

3  has not exhausted his claims based on disciplinary charges and

4  access to the courts, so that "defendants will not further address

5  those claims on reply." Reply Memorandum, p. 1. Defendants state

6  that they withdraw their motion to dismiss as to Romero's first

7  claim, captioned "Deliberate Indifference," and ask that the case

8  "proceed based solely on plaintiffs' [sic] claim that defendants

9  were deliberately indifferent to his need for particular footwear."

10 Defendants request further that the court dismiss the negligence

11 claim "so that this matter may proceed to dispositive motions

12 solely as to Claim I." Id. at p. 2.

13     The Prisoners Litigation Reform Act (PLRA), 42 U.S.C. §

14 1997e(a), requires prisoners to exhaust all available

15 administrative remedies before filing an action under 42 U.S.C. §

16 1983 ("No action shall be brought with respect to prison conditions

17 under section 1983 of this title, or any other Federal law, by a

18 prisoner confined in any jail, prison, or other correctional

19 facility until such administrative remedies as are available are

20 exhausted."). In Porter v. Nussle, 534 U.S. 516, 525 (2002), the

21 Supreme Court interpreted the term "prison conditions" in the

22 context of the PLRA to mean that the PLRA's exhaustion requirement

23 applies to "all inmate suits about prison life, whether they

24 involve general circumstances or particular episodes, and whether

25 they allege excessive force or some other wrong." 534 U.S. at 532.

26     I recommend that defendants' motion to dismiss Romero's claims

27

28 FINDINGS AND RECOMMENDATION Page 4

1 based on disciplinary charges and access to the courts, for failure
2 to exhaust administrative remedies (doc. # 26) be granted.
3 Defendants have requested that Romero's claim based on the
4 allegation that defendants were deliberately indifferent to his
5 need for particular footwear remain in the case, even though it
6 appears from the record Romero has not administratively exhausted
7 that claim for Vargo or any of the other defendants. I interpret
8 the defendants' request that Romero's deliberate indifference claim
9 remain in the case as a waiver by defendants of the administrative
10 exhaustion argument for this claim.

11      Defendants ask in their reply memorandum that the court
12 dismiss the negligence claim. Under the <u>Porter</u> case, that claim is
13 precluded for failure to exhaust administrative remedies.

**Conclusion**

15      I recommend that defendants' motion to dismiss (doc. # 26) be
16 GRANTED, as requested, for all claims except the claim that
17 defendants were deliberately indifferent to Romero's serious
18 medical needs.

**Scheduling Order**

20      The above Findings and Recommendation will be referred to a
21 United States District Judge for review. Objections, if any, are
22 due July 16, 2008. If no objections are filed, review of the
23 Findings and Recommendation will go under advisement on that date.
24 If objections are filed, a response to the objections is due July
25 30, 2008, and the court's review of the Findings and
26 ///

28 FINDINGS AND RECOMMENDATION Page 5

1  Recommendation will go under advisement with the District Judge on

2  that date.

3          Dated this 1st day of July, 2008.

4

5

6                                      /s/ Dennis James Hubel
                                       Dennis James Hubel
7                             United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  FINDINGS AND RECOMMENDATION Page 6