IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DANNY JAY ROMERO**,

    Plaintiff,

    v.

**DR. VARGO, DR. BECKER, TED RANDALL, DAVID GRAFF, STEVE SHELTON**

    Defendants.

No. CV 07-6083-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Mr. Romero, a prisoner, sued his doctor for deliberate indifference alleging that the doctor gave him inadequate treatment. There was a disagreement between doctors about the type of treatment he should be given. Dr. Vargo chose a less costly treatment method, which was validated by the treating committee. Mr. Romero now claims that the committee's report was falsified because it did not have all the required signatures.

    At the summary judgment hearing, I held that there were only two ways Mr. Romero could prove deliberate indifference: (1) by showing the course taken was medically unacceptable; or (2) by showing deliberate delay. I found that there was no material dispute that the course of treatment was medically acceptable. I also found no gross negligence in care during his treatment period, so there was no constitutionally unacceptable period of delay.

1

## DISCUSSION

**I.    Motion Under Rule 60(b)(3)**

Mr. Romero moves to set aside the judgment under Fed. R. Civ. P. 60(b)(3) for fraud on the court, arguing that the defendants falsified a form from the medical committee. The defendants respond that: (1) Mr. Romero had this form throughout the proceedings, so this dispute is untimely; (2) Mr. Romero has not shown clear and convincing evidence of fraud; and (3) Mr. Romero cannot show there was an unconscionable scheme or plan.

"Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of 'fraud, . . . misrepresentation, or other misconduct of an adverse party.' Fed. R. Civ. P. 60(b)(3). To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

I deny this motion because Mr. Romero has not shown that leaving the document unsigned was intentional, let alone fraudulent. Even if his claim is true, it does not change the basis for my ruling—that the treatment he received was medically acceptable and any delay was within the bounds of the Constitution.

**II.   Motion to Supplement His Rule 60(b)(3) Motion**

Mr. Romero has not said how he would supplement his 60(b)(3) motion. There is no merit to the claim as it stands, and without some showing about what he would proffer, this motion is denied.

**III.     Motion for Summary Judgment Supplemental Opposition**

It is not clear what this motion is trying to accomplish. In its best light, it can be categorized as a motion to reconsider the summary judgment motion. Because Mr. Romero does not present new evidence or new arguments, his motion to reconsider is denied.

## CONCLUSION

I DENY Mr. Romero's Motion Under Rule 60(b)(3) (#148). I DENY Mr. Romero's Motion to Supplement (#151). I DENY Mr. Romero's Motion For Summary Judgment Supplemental Opposition to Defendant's (#153).

IT IS SO ORDERED.

DATED this  17th  day of November, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court